|1PRICE, Judge, Pro Tern.
In this post-divorce action to modify child custody and visitation, the trial court denied the father’s motion seeking increased visitation as well as the mother’s reconventional demand seeking to terminate or to further restrict the father’s visitation rights, and appointed a licensed therapist to counsel the family members in order that-the father’s visitation rights with his daughter may become normalized.
The mother appeals this judgment alleging that the trial court erred in failing to specifically find that the child was sexually abused by her father, in failing to terminate the father’s visitation rights, and in granting the licensed therapist authority to depart from existing court orders with regard to visitation. Finding that the trial court erred in failing to terminate the father’s visitation rights, we reverse and remand to the trial court for modification of its judgment to comply with LRS 9:361, et seq.
PROCEDURAL HISTORY
The parents married January 23, 1981. They had one daughter who was born January 1, 1988. The mother’s separation petition, filed May 25,1990, alleged sexual abuse of the minor daughter by the father, and sought custody and support. On October 17, 1990, in accordance with a stipulation by the parties, the mother was awarded sole custody, subject to temporary visitation rights awarded to the father, four and one-half hours of supervised visitation every Saturday, until a hearing could be held to assess psychological evaluations ordered by the court. The divorce judgment, rendered October 22, 1990, continued custody of the minor daughter with the mother, stating:
[EJither party may seek a change of the custody aspect of the decree ... without the necessity of showing the requisite change of circumstances and that at any such future hearings, either party may introduce any evidence relevant to the issues of parental fitness and the best interest of the child with full regard to any evidence which might otherwise be considered as precluded under the doctrine of Res Judi-cata.
|2On August 5, 1992, the father filed a motion to modify custody and visitation. The mother answered seeking termination of or more restrictive visitation by the father. The father also filed a motion for contempt on October 30, 1992, because the mother *1191 terminated his visitation rights after he filed the motion seeking increased visitation. After the parties unsuccessfully attempted court ordered mediation, a trial was held. The trial court filed Reasons for Judgment on August 19, 1993, stating in part:
1. The child ... is now five and one-half years old. She believes that she was sexually abused by her father. This belief is very real to her in her mind. For this reason, she does not trust her father. In order for her to overcome this, she must have continued professional counseling and therapy.
2. The father ... has never admitted that he fondled his daughter. This is not uncommon according to Dr. Stephenson. The Court believes that he is in need of professional counseling and therapy, not only for sexual abuse, but also for what the Court considers to be a potentially harmful character flaw, that is his overly aggressive behavior with females.
3. The mother ... is also in need of professional counseling and therapy in order to overcome her fears and concerns for the safety of Pier daughter] and to help her daughter through a difficult situation.
Because of the current situation as it exists between the parties and [their daughter], the Court believes it would be premature to grant any expansion of [the father’s] visitation rights. However, the Court does agree with Dr. Stephenson that the parties need to get beyond the present system of visitation. Hopefully, the counseling and therapy recommended by the Court will produce a desired effect for all concerned.
The trial court appointed a licensed therapist to conduct counseling and therapy with the father, the mother and the daughter in order that the father’s visitation rights with his daughter may become normalized. The court stated:
Dr. Boyle, [the appointed therapist,] will have full and complete authority in this case to depart from existing court orders with regard to visitation; to provide for such visitation as he from time to time may deem proper; to require the complete and total cooperation from the parties and to periodically keep the Court fully advised ....
|3The trial court also found the mother guilty of contempt of court for willful disobedience of a previous court order, but delayed imposition of any sentence.
CHILD CUSTODY AND VISITATION
The mother contends that the trial court erred in failing to specifically find that the child was sexually abused by her father where the trial court did find that “[the child] believes that she was sexually abused by her father,” and “[the father] is in need of professional counseling and therapy, not only for sexual abuse, but also for what the Court considers to be a potentially harmful character flaw, that is his overly aggressive behavior with females.” She submits that she clearly carried her burden of proving by a preponderance of the evidence that the father sexually abused their minor daughter. The father denies any allegations that he sexually abused his daughter.
The mother testified:
When she was two ... [their daughter] started saying that her daddy touched her.... [She] was in the bath tub taking a bath, and I was in the hall which was right beside the bathroom door. [She] was in the tub and she was playing, and I heard [her] say two or three times, “It won’t hurt”. So, I walked in the bathroom where she was at and she had a barbie doll in the bath tub with her, she was playing with toys in the bath tub. And she had the Barbie doll leg in her vagina. And I asked her what she was doing, and I took the Barbie doll. And I asked her what she was doing, that she would hurt herself. And she told me that, “Daddy does it”. And I ... I didn’t know what to say. All I kept saying was, “No, ... daddy don’t do that”. And she looked up and she said, “Uh-huh. He’s just playing”. And so I take her out of the bath tub and we go in her room, and I’m talking to her and still telling her, “Daddy don’t do that ... ”. And she kept insisting that “He’s just playing”. And so I asked [her] to show me what he[r] daddy done to her. And [she] would lay on the floor or lay on the bed *1192 ... I can’t remember if she laid on the floor or the bed, and she would put her finger up inside her and move it in and out, and the she would stand up and turn around and do the same to her rear.
The mother took their daughter to the Oua-chita Parish Sheriffs Office and made a formal complaint of sexual abuse against the father.
|4The mother then took their daughter to Dr. O’Boyle, a pediatrician who specializes in sexually-abused children, who testified by deposition. Dr. O’Boyle said the child indicated that her father had touched her in the anal area. Although the physical exam was unre-vealing, Dr. O’Boyle believed that the child was credible and'had been sexually abused. She suggested that the mother take the daughter to a psychologist.
Dr. Stephenson treated the minor daughter for about one and one-half years, beginning May 24, 1990. He also evaluated her parents. The daughter indicated to him that she had been exposed to abusive sexual activity by her father. He found her credible and believed that she had been sexually abused by her father. The father volunteered to participate in these therapy sessions. The mother discontinued the daughter’s sessions with Dr. Stephenson when he began recommending increased visitation by the father.
Dr. Stephenson continued to see the father after the daughter’s visits ended. The father never admitted sexually abusing the daughter, an important step in the treatment of sexual abusers. Dr. Stephenson stated that an adult who has sex -with a minor, as the father admitted to having done with a 14-year-old girl, eight years earlier while married to the mother, is emotionally immature. It is Dr. Stephenson’s opinion that the parties need to get over the past and get on with their lives. Marjorie Benson, a licensed therapist, testified that she began treating the minor daughter on August 11, 1992. The child very clearly stated what had happened to her. Her words indicated that she had been sexually abused by her father. She did not appear to have been coached. Ms. Benson believes that the child needs to have very gradual supervised visitations with her father. She does not think that the child is ready yet for these visitations.
|5Dr. Coffman, a pediatrician and staff physician and director of the Child Sexual Abuse Clinic at the LSU Children’s Hospital in New Orleans, saw the child on September 4, 1992. She also believed that the child was credible and had been sexually abused.
Although the trial court did not specifically state that it found that the father sexually abused his daughter, we can infer from the trial court’s statements and the testimony at trial that the tidal court did in fact find that the child was sexually abused by her father. The testimony at trial proves by a preponderance of the evidence that the father sexually abused his daughter. Santosky v. Kramer, 455 U.S. 745, 102 S.Ct. 1388, 71 L.Ed.2d 599 (1981), cited in the father’s brief for the proposition that the applicable burden of proof is clear and convincing evidence, is misplaced. This case involves a permanent termination all of parental rights unlike the case at issue.
The mother also contends that the trial court judgment is in contradiction of LRS 9:361, et seq.
If any court finds that a parent has sexually abused his or her child or children, the court shall prohibit all visitation and contact between the abusive parent and the children, until such time, following a contradictory hearing, that the court finds that the abusive parent has successfully completed a treatment program designed for such sexual abusers, and that supervised visitation is in the children’s best interest. LRS 9:364 D.
The mother submits that according to this statute, visitation shall be prohibited until the father completes a treatment program designed for sexual abusers which he has failed to do. She also contends that the trial court exceeded its authority in granting such broad powers to the family therapist it appointed.
LRS 9:364D calls for mandatory suspension of visitation. The “suspended” parent may seek reconstitution of his rights pursuant to the rigorous standard of the law: a finding by the trial court after a contradictory |6hearing that the suspended par *1193 ent has successfully completed a treatment program for sexual abusers.
Although the father testified that he is currently undergoing therapy with Dr. Stephenson to regain his fatherly relationship with his daughter and work toward expanded visitation, he stated that he is not undergoing therapy for sexual abuse, and there is no evidence in the record to indicate that he has successfully completed such a program. At trial, Dr. Stephenson had not treated the daughter for almost two years.
We acknowledge that the trial court has the authority to order psychological examinations. However, we agree with the mother that the power granted to Dr. Boyle by the trial court was too broad. While we recognize that the trial court retained jurisdiction over this matter, we find that it would be more appropriate for the father to begin his therapy with Dr. Boyle, and to then petition the court for visitation when he has successfully completed a treatment program designed for sexual offenders. Accordingly, we reverse and remand to the trial court for modification of its judgment to comply with LRS 9:361, et seq.
DECREE
At appellee’s cost, the trial court judgment is REVERSED and REMANDED.